# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LAWRENCE VIENNA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent.　　　　　　　　/ | 1:09-cv-01438-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A.   Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner

1

unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Federal habeas review is limited to claims that are set out as described above.

In the instant petition, Petitioner contends that he was falsely arrested, denied review of the arrest warrant, and denied an administrative hearing under California law. In this case, Petitioner raises only alleged violations of California law. The mere labeling of a claim under the Due Process Clause or Constitution is not sufficient for relief § 2254. "[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Furthermore, with regard to his false arrest claim, it is well-established that a conviction will not be set aside because the defendant was unlawfully brought before the court. See United States v. Crews, 445 U.S. 463, 474 (1980) (an illegal arrest, without more, is not a bar to a subsequent prosecution or a defense to a valid conviction); Gerstein v. Pugh, 420 U.S. 103 (1975) ("[A]though a suspect who is presently detained may challenge probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause."); Myers v. Rhay, 577 F.2d 504, 507 (9th Cir. 1987) ("It is well settled that illegal arrest or detention of a suspect does not void a subsequent conviction. The proper time to challenge the probable cause underlying an

1. arrest is prior to the prosecution of the case, while the illegal detention is in progress.").
2. Moreover, with regard to all of Petitioner's claims, he does not allege that the adjudication of his
3. claims in state court "resulted in a decision that was contrary to, or involved an unreasonable
4. application of, clearly established Federal law, . . . or resulted in a decision that was based on an
5. unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

B.      Improper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

In this case, Petitioner names State of California as Respondent.  Although Petitioner is currently in the custody of in the State of California, the State cannot be considered the person having day-to-day control over Petitioner.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d Cir. 1976).  Although the Court generally gives the petitioner an opportunity to cure the defect by amending the petition to name a proper respondent, such amendment would be futile in this instance for the reasons discussed above.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for writ of habeas corpus be dismissed.

This Findings and Recommendation is submitted to the assigned United States District

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
2  the Local Rules of Practice for the United States District Court, Eastern District of California.
3  Within thirty (30) days after being served with a copy, any party may file written objections with
4  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
6  and filed within ten (10) court days (plus three days if served by mail) after service of the
7  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
8  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
9  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
10 Cir. 1991).

12      IT IS SO ORDERED.
13      Dated:   **August 31, 2009**                    **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE